# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

———————————————————— )
                                                    )
UNITED STATES OF AMERICA           )
                                                    )          Case No. CR-24-146-R
v.                                                  )
                                                    )
MATTHEW ALAN STACY,              )
                                                    )
            Defendant                         )
———————————————————— )


## DEFENDANT'S MOTION TO DISMISS AS 21 U.S.C. §§841 AND 856 ARE VOID FOR VAGUENESS AS APPLIED HERE

## WITH INCORPORATED BRIEF IN SUPPORT

Robert M. Goldstein
Mass. Bar No. 630584
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 742-9015
Email: rmg@goldstein-lawfirm.com

*Admitted pro hac vice*

Josh Welch, OBA #17214
Joey Degiusti, OBA #33734
DEGIUSTI & WELCH PLLC
3721 N. Classen Blvd
Oklahoma City, OK 73118
Telephone: 405.778.3098
Email: josh@dwlegal.law
Email:  joey@dwlegal.law


***Attorneys for Defendant***

# TABLE OF CONTENTS

Page

REQUEST FOR HEARING…………………………………………………………1

BRIEF IN SUPPORT ...............................................................................................2

I.     Introduction ...............................................................................................2

II.    The Due Process Clause's Fair Notice Requirement And Void-For-Vagueness Doctrine .................................................................................5

III.   The Controlled Substances Act Is Void for Vagueness As Applied By The Government In This Case ...............................................................8

     a.     The failure to plead or require that Mr. Stacy knowingly and intentionally violated the state statutory scheme renders 21 U.S.C. §§841 and 856 void for vagueness as applied here……………………………………………9

     b.    Standardless discretion to prosecute conduct like that alleged here would raise the prospect of arbitrary and discriminatory enforcement .................11

     c.     The "contradictory and unstable" state of federal marijuana regulation only serves to reinforce the vagueness of §§841 and 856 as applied here ...............................................................13

     d.    The foregoing deficiencies are simply too much to countenance in a prosecution in which Mr. Stacy's life is literally on the line......................16

     e.     Mr. Stacy received no notice that his law practice contravened Oklahoma's state regulatory scheme .........................................................16

IV.   Conclusion .............................................................................................18

# TABLE OF AUTHORITIES

**Page**

## Cases

*City of Chicago v. Morales*, 527 U.S. 41 (1999) ...............................................................12

*Connally v. General Constr. Co.*, 269 U.S. 385 (1926) ...........................................6

*FCC v. Fox Television Stations, Inc.*, 567 U.S. 239 (2012) .........................................5, 7

*Flores-Figuera v. United States*, 556 U.S. 646 (2009).........................................5

*Grayned v. City of Rockford*, 408 U.S. 104 (1972) ................................................. *passim*

*Hill v. Colorado*, 530 U.S. 703 (2000) ...........................................................7, 8

*iMatter Utah v. Njord*, 774 F.3d 1258 (10th Cir. 2014) .....................................7

*Johnson v. United States*, 576 U.S. 591 (2015) ................................................8

*Kolender v. Lawson*, 461 U.S. 352 (1983) ................................................12, 13

*Lambert v. California*, 355 U.S. 225 (1957)...........................................................5

*Liparota v. United States*, 471 U.S. 419 (1985) ............................................10

*McBoyle v. United States*, 283 U.S. 25 (1931) ................................................5

*Murphy v. Matheson*, 742 F.2d 564 (10th Cir. 1984) ...........................................4, 10, 11

*Ruan v. United States*, 597 U.S. 450 (2022)........................................................9

*Sessions v. Dimaya*, 584 U.S. 148 (2018)....................................................6, 12

*Smith v. Goguen*, 415 U.S. 566 (1974) ................................................12, 13

*Standing Akimbo, LLC v. United States*, 141 S. Ct. 2236 (2021) (Thomas, J., statement respecting denial of certiorari) ........................................3, 14, 15, 16

*Staples v. United States*, 511 U.S. 600 (1994).....................................................10

*StreetMediaGroup, LLC v. Stockinger*, 79 F.4th 1243 (10th Cir. 2023) ...........................7

# TABLE OF AUTHORITIES

**Page**

*United States v. Bilodeau*, 24 F.4th 705 (1st Cir. 2022) ..................................14

*United States v. Davis*, 588 U.S. 445 (2019) .....................................................6

*United States v. Gaudreau*, 860 F.2d 357 (10th Cir. 1988) ..............4, 6, 11, 16

*United States v. Lesh*, --- 4th ---, 2024 WL 3418837 (10th Cir. July 16, 2024).....1, 3, 7, 8

*United States v. Lovern*, 590 F.3d 1095 (10th Cir. 2009) ...................................5

*United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016) ...............................14

*United States v. Salerno*, 481 U.S. 739 (1987) .................................................7

*United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994) ...........................9

*United States v. Zheng*, No. 23-CR-256-SLP (W.D. Okla. Nov. 21, 2023) ...................14

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982)......6, 10, 11, 16

*Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442 (2008)....................7

*Wyoming Gun Owners v. Gray*, 83 F.4th 1224 (10th Cir. 2023)...............................1, 3, 7

## Statutes

21 U.S.C. §841 ................................................................................ *passim*

21 U.S.C. §856 ................................................................................ *passim*

63 O.S. §422 .............................................................................................17

63 O.S. §427.14 ........................................................................................17

## Other Authorities

*The Void-for-Vagueness Doctrine in the Supreme Court*, 109 U. Pa. L. Rev. 67 (1960)....................................................................................................11

## MOTION TO DISMISS AS 21 U.S.C. §§841 AND 856
## ARE VOID FOR VAGUENESS AS APPLIED HERE

Now comes the Defendant, Matthew A. Stacy, by and through undersigned counsel, pursuant to the Due Process Clause of the Fifth Amendment, and Fed. R. Crim. P. 12(b)(1) and (3), and hereby moves the Court for an order dismissing all charges against him, as 21 U.S.C. §§841 and 856, as applied to the facts and circumstances of this case, are unconstitutionally vague. *See, e.g.*, *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) (vague laws "trap the innocent by not providing fair warning" and they impermissibly authorize or encourage "arbitrary and discriminatory enforcement"); *United States v. Lesh*, --- 4th ---, 2024 WL 3418837, *5 (10th Cir. July 16, 2024) (reversing conviction) (statute can be "void for vagueness 'as applied to particular parties in particular circumstances'") (quoting *Wyoming Gun Owners v. Gray*, 83 F.4th 1224, 1234 (10th Cir.2023)).

The Defendant further relies upon the brief in support incorporated below.

## REQUEST FOR HEARING

The Defendant respectfully requests a hearing in this matter.

## BRIEF IN SUPPORT

I. *Introduction*.

Matt Stacy, a licensed attorney in the State of Oklahoma, stands charged with violations of 21 U.S.C. §§841 and 856, and faces a minimum of 10 years to life imprisonment based *exclusively* on his role as an attorney for individuals seeking State-issued licenses and registrations to cultivate medical marijuana in Oklahoma. Critically, the government has not charged, and the indictment does not allege, that Mr. Stacy ever *knowingly* or *intentionally* violated a single state law governing the cultivation of marijuana in Oklahoma. Rather, the indictment charges Mr. Stacy as if it were the year 1975: as if Mr. Stacy suddenly awoke one day, decided to abandon a lifetime of law-abiding conduct, a distinguished armed services career, a successful law practice, and a loving wife and three children, to become a drug trafficker, without *any* consideration of Mr. Stacy's knowledge and intent as to the underlying statutory scheme governing the cultivation of marijuana in Oklahoma.

The Due Process Clause demands "that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Unconstitutionally vague laws wrongfully "trap the innocent by not providing fair warning," and they impermissibly authorize or encourage "arbitrary and discriminatory enforcement." *Id.* A statute can be facially unconstitutional or, instead, "void for

2

vagueness 'as applied to particular parties in particular circumstances.'" *United States v. Lesh*, --- 4th ---, 2024 WL 3418837, *5 (10th Cir. July 16, 2024) (reversing conviction) (quoting *Wyoming Gun Owners v. Gray*, 83 F.4th 1224, 1234 (10th Cir.2023)).

The government's proposed application of the Controlled Substances Act—that it can indict, prosecute and imprison Mr. Stacy up to life imprisonment, without ***any*** consideration of Mr. Stacy's knowledge and intent as to the underlying statutory scheme governing the cultivation of marijuana in Oklahoma—violates the two cornerstone elements of the void-for-vagueness doctrine. First, absent proof that Mr. Stacy knowingly and intentionally violated the state statutes, this prosecution creates an unfair, intolerable, and unconstitutional trap for the unwary. *Grayned*, 408 U.S. at 108. This is particularly so given the federal government's current approach to marijuana regulation, a "contradictory and unstable state of affairs [that] strains basic principles of federalism and conceals traps for the unwary." *Standing Akimbo, LLC v. United States*, 141 S. Ct. 2236, 2237 (2021) (Thomas, J., statement respecting denial of certiorari). Second, it impermissibly authorizes and encourages "arbitrary and discriminatory enforcement." *Grayned*, 408 U.S. at 108. The government's current construction of the Controlled Substances Act—that it is free to prosecute *any* resident of *any* state that is cultivating marijuana pursuant to state law, for whatever reason it arbitrarily chooses to do so, without *any* consideration of their knowledge or intent as to that governing state law— clearly transgresses this "principal element" of the void-for-vagueness doctrine. *See*

*Murphy v. Matheson*, 742 F.2d 564, 573 (10th Cir.1984) ("[t]he Supreme Court has recognized that 'a scienter requirement may mitigate a law's vagueness'" (citation omitted)). This is precisely the standardless, unfettered discretion that "impermissibly delegates" authority to prosecutors and law enforcement agents to make policy "on an *ad hoc* and subjective basis." *Grayned*, 408 U.S. at 108-09. And, this is not some academic concern: the government seeks to throw the full weight of the Controlled Substances Act at Mr. Stacy, yet there were many other attorneys (likely dozens of them) employing the same, or a substantially similar, legal practice.

Finally, the notice deficiencies and corresponding unfairness of this prosecution are only amplified by the draconian sentence the government seeks, namely a mandatory minimum 10-year sentence with a maximum term of life imprisonment. Our courts have repeatedly emphasized that "[c]riminal statutes must be more precise than civil statutes because the consequences of vagueness are more severe." *United States v. Gaudreau*, 860 F.2d 357, 360 (10th Cir. 1988). This is especially troubling given that, during the relevant time-period, Mr. Stacy did not receive any notice that his practice transgressed the civil statutory scheme—not a single agency directive, judicial decision, white paper or any other memorandum or admonishment that provided even a scintilla of notice that he was practicing outside of the civil statutory scheme.

In the end, all of these factors conspire to create an insuperable "void for vagueness" problem, and the indictment must therefore be dismissed as to Mr. Stacy.

4

## II.   *The Due Process Clause's Fair Notice Requirement And Void-For-Vagueness Doctrine.*

"The Fifth Amendment provides that [n]o person shall ... be deprived of life, liberty, or property, without due process of law." *Johnson v. United States*, 576 U.S. 591, 595 (2015) (internal quotation marks omitted). For this reason, the Supreme Court has long "insist[ed] that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned*, 408 U.S. at 108; *see also FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) ("A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required"); *Lambert v. California*, 355 U.S. 225, 228 (1957) (referring to the "requirement of notice" as "[e]ngrained in our concept of due process"); *McBoyle v. United States*, 283 U.S. 25, 27 (1931) (Holmes, J.) ("[A] fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed"); *United States v. Lovern*, 590 F.3d 1095, 1103 (10th Cir. 2009) ("Ours is not a legal system like Caligula's, 'who reportedly wrote his laws in a very small character, and hung them up upon high pillars, the more effectually to ensnare the people'") (quoting *Flores-Figuera v. United States*, 556 U.S. 646, 658 (2009) (Scalia, J., concurring)).

A law that fails to provide this required "fair notice" or "fair warning" is void for its vagueness, and unconstitutional. "Vague laws contravene the 'first essential of due process of law' that statutes must give people 'of common intelligence' fair notice of

what the law demands of them." *United States v. Davis*, 588 U.S. 445, 451 (2019)

(quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). "Vague laws may

trap the innocent by not providing fair warning." *Grayned*, 408 U.S. at 108. "Vague

laws also undermine the Constitution's separation of powers ... [because] [they] threaten

to hand responsibility for defining crimes to relatively unaccountable police, prosecutors,

and judges, eroding the people's ability to oversee the creation of the laws they are

expected to abide." *Davis*, 588 U.S. at 451*; see also Sessions v. Dimaya*, 584 U.S. 148,

175 (2018) (Gorsuch, J., concurring in part) ("[V]ague laws . . . can invite the exercise of

arbitrary power[,] ... leav[e] [ ] people in the dark about what the law demands[,] and

allow[ ] prosecutors and courts to make it up").[1] And, importantly, the tolerance for

vague statutes is at its nadir in criminal prosecutions, where "the consequences of

imprecision" are most "severe," such as here, where Mr. Stacy faces a minimum sentence

of 10 years and up to life imprisonment. *Village of Hoffman Estates v. Flipside, Hoffman*

*Estates, Inc.*, 455 U.S. 489, 499 (1982). As the Tenth Circuit has emphasized,

"[c]riminal statutes must be more precise than civil statutes because the consequences of

vagueness are more severe." *United States v. Gaudreau*, 860 F.2d 357, 360 (10th Cir.

1988).

---

[1] "A vague law impermissibly delegates basic policy matters to policeman, judges, and
juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of
arbitrary and discriminatory application." *Grayned*, 408 U.S. at 108-09.

In reversing a conviction just a few weeks ago, in *United States v. Lesh*, --- 4th ---, 2024 WL 3418837, *5 (10th Cir. July 16, 2024), the Tenth Circuit provided a primer on the "void for vagueness" doctrine:

> The void for vagueness doctrine addresses two concerns: "first, that regulated parties should know what is required of them so they may act accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *Wyoming Gun Owners*, 83 F.4[th] at 1233 (citing *F.C.C. v. Fox Television Stations, Inc*., 567 U.S. 239, 253-54 (2012)). A law or regulation can be unconstitutionally vague "for either of [these] two independent reasons." *Id. (*quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). "First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Id*.

The court also addressed the two types of vagueness challenges, "facial" and "as applied":

> A statute or regulation is vague on its face, and thus void, where "no set of circumstances exists under which the [regulation] would be valid." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 741 (1987)). In contrast, a statute or regulation can also be void for vagueness "as applied to particular parties in particular circumstances." *Wyoming Gun Owners v. Gray*, 83 F.4[th] 1224, 1234 (10th Cir.2023). "[A]n as-applied challenge tests the application of that restriction to the facts of a plaintiff's concrete case." *StreetMediaGroup, LLC v. Stockinger*, 79 F.4[th] 1243, 1248-49 (10th Cir.2023) (quoting *iMatter Utah v. Njord*, 774 F.3d 1258, 1264 (10th Cir.2014)).

*Lesh*, --- 4th ---, 2024 WL 3418837, at *5. Here, as in *Lesh*, Mr. Stacy presents an as-applied vagueness challenge.

**III.** ***The Controlled Substances Act Is Void For Vagueness As Applied By The Government In This Case.***

A confluence of factors "conspire to make [the Controlled Substances Act] unconstitutionally vague" as applied to Mr. Stacy, and the particular facts and circumstances of this case. *Johnson v. United States*, 576 U.S. 591, 597 (2015). <u>First</u>, the government seeks to charge Mr. Stacy as a prolific drug dealer without any corollary requirement that he knowingly and intentionally violated any of the state civil statutes governing the lawful cultivation of medical marijuana in Oklahoma. Absent proof of that essential *mens rea* element, the law creates an unfair, intolerable, and unconstitutional trap for the unwary. <u>Second</u>, such an approach also squarely implicates the Supreme Court's long-standing concern that a vague law "authorizes or even encourages arbitrary and discriminatory enforcement." *Lesh*, --- 4th ---, 2024 WL 3418837, at *5 (quoting *Hill v. Colorado*, 530 U.S. at 732). <u>Third</u>, the notice deficiencies and corresponding unfairness of this prosecution are reinforced by the draconian sentence the government seeks, namely a mandatory minimum 10-year sentence with a maximum term of life imprisonment, especially given that Mr. Stacy never received any notice that his law practice contravened any provision of Oklahoma's civil regulatory framework governing medical marijuana.

a. *The failure to plead or require that Mr. Stacy knowingly and intentionally violated the state statutory scheme renders 21 U.S.C. §§841 and 856 void for vagueness as applied here.*

"[A]s a general matter, our criminal law seeks to punish the vicious will." *Ruan v. United States*, 597 U.S. 450, 457 (2022) (citation omitted). Thus, "[w]ith few exceptions, wrongdoing must be conscious to be criminal." *Id.* (citation omitted). Indeed, "consciousness of wrongdoing is a principle as universal and persistent in mature systems of [criminal] law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." *Id.* (citation omitted). Accordingly, courts regularly apply a "presumption of scienter" to criminal statutes, reading even those statutes that are "*silent* on the required mental state" to require "that *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct." *Id.* at 458 (citation omitted).

With rare exceptions not applicable here, statutory *mens rea* requirements apply to all facts that render a defendant's conduct criminally culpable. *See, e.g.*, *Ruan*, 597 U.S. at 457 (holding that "knowingly or intentionally" *mens rea* requirement in 21 U.S.C. §841, the very same statute at issue here, applied to the statutory clause, "[e]xcept as authorized by this subchapter"); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 73 (1994) (holding that requirement that defendant act "knowingly" applied to age of individual depicted because "one would reasonably expect to be free from regulation when trafficking in sexually explicit, though not obscene, materials involving adults.

Therefore, the age of the performers is the crucial element separating legal innocence from wrongful conduct"); *Staples v. United States*, 511 U.S. 600, 619 (1994) (holding that government "should have been required to prove that petitioner knew of the features of his AR-15 that brought it within the scope of the Act" requiring registration).  Where Congress defines a criminal offense so that a predicate regulatory violation or status separates innocent behavior from wrongful conduct, that predicate violation or status becomes a "fact" to which the *mens rea* requirement applies.  For example, the United States Supreme Court has held that a federal statute prohibiting use of food stamps "in any manner not authorized by [the statute] or regulations" requires proof that "the defendant knew his conduct to be unauthorized by statute or regulations."  *Liparota v. United States*, 471 U.S. 419, 425 (1985).

"The Supreme Court has recognized that 'a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed.'"  *Murphy v. Matheson*, 742 F.2d 564, 573 (10th Cir.1984) (quoting *Flipside*, 455 U.S. at 499).  But, in this context:

> it is evident that . . . the "scienter" meant must be some other kind of scienter than that traditionally known to the common law—the knowing performance of an act with intent to bring about that thing, whatever it is, which the statute proscribes, knowledge of the fact that it is so proscribed being immaterial. . . .  Such scienter would clarify nothing; a clarificatory "scienter" must envisage not only a knowing what is done but a ***knowing that what is done is unlawful*** or, at least, so "wrong" that it is probably unlawful.

*Id.* (quoting Note, *The Void-for-Vagueness Doctrine in the Supreme Court*, 109 U. Pa. L. Rev. 67, 87 n.98 (1960) (cited in *Flipside*, 455 U.S. at 499 n.14) (emphasis added)).

In the present circumstances, the type of scienter requirement envisioned by *Murphy* is required to satisfy the Constitutional demand of fair notice. Yet, the indictment does not charge, and the grand jury did not find, that Mr. Stacy subjectively knew and intended to violate the state laws governing medical marijuana in Oklahoma in his practice representing applicants for medical marijuana licensure and registration. In the context of this case, where Mr. Stacy was undisputedly acting as an attorney representing individuals seeking state-issued licenses and registrations to cultivate marijuana, the mere allegation that he knew his clients would, or intended them to, grow marijuana "clarif[ies] nothing" regarding the unlawfulness of his actions. *Murphy*, 742 F.2d at 573 (citation omitted); *see also United States v. Gaudreau*, 860 F.2d 357, 363 (10th Cir.1988) (requiring proof that defendant "knew his duty of fidelity and knew he was violating it"). Absent proof that Mr. Stacy possessed this clarifying *mens rea*—a knowing and intentional violation of the state statutory construct—application of the Controlled Substances Act to the facts and circumstances of this case creates an unfair, intolerable, and unconstitutional trap for the unwary.

      b. *Standardless discretion to prosecute conduct like that alleged here would raise the prospect of arbitrary and discriminatory enforcement.*

The Supreme Court has repeatedly emphasized that, while the void-for-vagueness "doctrine focuses both on actual notice to citizens and arbitrary enforcement, . . . the

more important aspect of vagueness doctrine 'is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.'" *Kolender v. Lawson*, 461 U.S. 352, 357–58 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)); *see also City of Chicago v. Morales*, 527 U.S. 41, 65 (1999) (O'Connor, J., concurring in part, concurring in judgment) ("Of these, 'the more important aspect of the vagueness doctrine is ... the requirement that a legislature establish minimal guidelines to govern law enforcement'"); *Sessions v. Dimaya*, 584 U.S. 148, 182–83 (2018) (Gorsuch, J., concurring in part, concurring in judgment) (same). The government's current construction of the Controlled Substances Act—that it is free to prosecute ***any*** resident of ***any*** state that is cultivating marijuana pursuant to state law, for whatever reason it arbitrarily chooses to do so, without ***any*** consideration of their knowledge or intent as to that governing state law—clearly transgresses this "principal element" of the void-for-vagueness doctrine.

This not some academic or theoretical concern. Here, according to the government, "[m]any" of the "more than 9,000 commercial grow licenses" issued by Oklahoma failed to satisfy the extra-textual requirement the government has unilaterally imposed in this case (*i.e.*, that resident owners exercise control over the marijuana grow operation). Dkt. 1, Introduction, ¶7. As such, per the government's application of the Controlled Substances Act, it is free to pluck and prosecute any one of those "many," for whatever reason at all, or for no particular reason, without any regard for their subjective

knowledge or intent to comply with state law.  Indeed, the government has already taken the position that it is free to charge any resident, of any state, ***even when that resident complies with state law***, and that person's good faith belief that he or she was complying with state law is not relevant or admissible evidence.  *See, e.g., United States v. Nguyen*, Western District of Oklahoma, Case No. Cr-23-258-SLP, Dkt. Entry 61 (government moving to bar any evidence of compliance with state law, asserting, *inter alia*, "[s]tate law is not a defense to a federal crime, and under the Federal Rules of Evidence, whether Mr. Nguyen's conduct complied with state law does not have any tendency to make it more or less probable that he violated federal law").

This is precisely the type of "standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Kolender,* 461 U.S. at 358 (quoting *Smith*, 415 U.S. at 575).  It clearly violates the void-for-vagueness doctrine.  To permit federal prosecutors to exercise this kind of unfettered discretion, without any statutory guidance or limiting scienter requirement, undoubtedly and "impermissibly delegates" authority to prosecutors and police to make policy "on an *ad hoc* and subjective basis." *Grayned*, 408 U.S. at 108-09.

      c.   *The "contradictory and unstable" state of federal marijuana regulation only serves to reinforce the vagueness of §§841 and 856 as applied here.*

.

Supreme Court Justice Clarence Thomas has already warned that the "contradictory and unstable state of affairs" that currently exists in the arena of federal marijuana law enforcement was concealing "traps for the unwary":

> Once comprehensive, the Federal Government's current
> approach is a half-in, half-out regime that simultaneously
> tolerates and forbids local use of marijuana. This
> contradictory and unstable state of affairs strains basic
> principles of federalism and conceals traps for the unwary.

*Standing Akimbo, LLC v. United States*, 141 S. Ct. 2236, 2236-37 (2021) (Thomas, J.,

statement respecting denial of certiorari).[2]

At present, there are at least 47 states and five territories that have, to varying

degrees, legalized marijuana. And, as detailed extensively in Mr. Stacy's Motion to

Enjoin Prosecution, *see* Dkt. Entry 67, Congress has repeatedly passed an appropriations

rider explicitly prohibiting the Department of Justice ("DOJ") from using funds to

"prevent . . . [Oklahoma and other states that have legalized medical marijuana] from

implementing their own laws that authorize the use, distribution, possession, or

cultivation of medical marijuana." Consolidated Appropriations Act, Pub. L. No. 118-42,

§ 531, 138 Stat. 25, 174 (2024). Every federal court to have decided the issue has held

that this appropriations rider prohibits the DOJ from prosecuting defendants under the

Controlled Substances Act for actions taken in compliance with state medical marijuana

laws. *See, e.g.*, *United States v. McIntosh*, 833 F.3d 1163, 1176 (9th Cir. 2016); *United*

*States v. Bilodeau*, 24 F.4th 705, 713 (1st Cir. 2022); *United States v. Zheng*, No. 23-CR-

---

[2] As detailed in Mr. Stacy's "Motion to Dismiss for Improper Classification of
Marijuana," a companion pleading filed on this date, the situation continues to grow more
unstable, as the DOJ recently proposed to reclassify marijuana from Schedule I to
Schedule III.

256-SLP, Dkt. 109 (W.D. Okla. Nov. 21, 2023) (Order finding that "an evidentiary hearing may be necessary" on this issue).

In these circumstances, "one can certainly understand why an ordinary person might think that the Federal Government has retreated from its once-absolute ban on marijuana" and "why business owners in" Oklahoma and other similarly situated states "may think that their intrastate marijuana operations will be treated like any other enterprise that is legal under state law." *Standing Akimbo*, 141 S. Ct. at 2237 (Thomas, J.). At the very least, one can certainly understand why an ordinary person might think he was safe from federal prosecution absent proof that he knowingly and intentionally violated the state medical marijuana legal structure.

Further compounding the "fair notice" and "arbitrary and discriminatory enforcement" problems here, the federal government's prosecutorial approach seemingly differs with each new administration. *See, e.g.*, Letter of Barbara Lee and Earl Blumenauer, Members of Congress, Dated March 27, 2024 (noting that "[l]aw enforcement, state regulators, small businesses, patients, and everyday Americans are caught in the *ambiguity* of the federal-state gap, made worse by the delay in reissuing the Cole and Wilkinson Memoranda protections") (emphasis added).[3] This situation presents just the type of "traps for the unwary" and delegation-to-police-and-prosecutor concerns that animate the Constitutional prohibition on vague laws. Indeed, Justice Thomas

---

[3] *See* https://lee.house.gov/imo/media/doc/follow_up_letter_on_reissuing_cole_memo.pdf (last viewed July 24, 2024)

characterized "the Government's willingness to often look the other way on marijuana" as "more episodic than coherent." *Standing Akimbo*, 141 S. Ct. at 2238.

      d. *The foregoing deficiencies are simply too much to countenance in a prosecution in which Mr. Stacy's life is literally on the line.*

The Supreme Court has repeatedly emphasized that the need for precision, rather than vagueness, is most acute in the context of a criminal prosecution. *See Flipside*, 455 U.S. at 499. As the Tenth Circuit has emphasized, "[c]riminal statutes must be more precise than civil statutes because the consequences of vagueness are more severe." *Gaudreau*, 860 F.2d at 360. Here, the due process failures outlined above are all the more problematic given the consequences of a conviction. On Count One alone, Mr. Stacy faces a mandatory minimum sentence of 10 years and is subject to a *maximum sentence of life imprisonment*. *See* 21 U.S.C. §841(b)(1)(A)(vii). Surely, before subjecting a citizen to such a severe sanction, the law demands the fair notice afforded by a meaningful scienter requirement—that is, proof that Mr. Stacy knew and intended to violate the underlying state statutes.

      e. *Mr. Stacy received no notice that his law practice contravened Oklahoma's state regulatory scheme.*

Finally, as set forth in detail in Mr. Stacy's Motion To Enjoin, *see* Dkt. 67, Oklahoma's statutory framework governing medical marijuana was, at all relevant times, both unclear and ever-changing. As relevant here, a statute enacted in August 2019 required that 75% of the "members" of any corporate applicant for marijuana licensure

have at least two years of residency in Oklahoma.  63 O.S. §427.14(E)(7)(c).  Mr. Stacy, *like many other lawyers in Oklahoma*, construed the statute to allow a "local resident" to serve as a 75% member of an applicant entity, in return for a per-annum payment.  In seeking licensure from the Oklahoma Medical Marijuana Authority ("OMMA") and registration from the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control ("OBN") for its clients, Mr. Stacy's legal group employed an ownership structure by which the entity applying for licensure was separate from the entity managing the cultivation of marijuana.

While the government refers to this as a "ghost" ownership scheme, ***no statute, rule, regulation, or judicial construction explicitly prohibited this practice***.  The language employed by the Indictment—that "listed owners" had "no relationship" or "controlling interest" in the grow operation," Dkt. 1, Count 1, ¶5—does not appear in the legislative framework in existence at the relevant time.  To the contrary, the statute in force at the time *required* the State to "approve *all* applications" of "applying entities" that showed "all members, managers, and board members [we]re Oklahoma residents," or that the "percentage ownership" of any non-Oklahoma resident(s) was 25% or less, in addition to satisfying other criteria not at issue here.  63 O.S. §422(B) (Aug. 4, 2018) (emphasis added).  It was not until after the events at issue in this case that the statute was amended to require disclosure of "all ownership interests *in the commercial grower operation*."  *See* 63 O.S. §422(B) (Nov. 1, 2021) (emphasis added).  That requirement

simply did not exist during the relevant time-period.[4]  Moreover, during the relevant

time-period, there was <u>never</u> any directive or announcement prohibiting Mr. Stacy's

practice—not by the legislature or any relevant state agency, and certainly not by OBN or

OMMA.

**IV.    *Conclusion.***

For all of the foregoing reasons, as well as those to be advanced to the Court at a

hearing in this matter, the defense respectfully requests an order dismissing all charges

against Mr. Stacy, as 21 U.S.C. §§841 and 856 are void for vagueness as applied to the

instant prosecution.

---

[4] While the charged drug conspiracy is alleged to have continued "through in or about
March 2023," Dkt. 1 at Count 1, the Indictment alleges no conduct by Mr. Stacy after
June 2021.

Respectfully Submitted,

**/s/ Robert M. Goldstein**
Robert M. Goldstein
*Admitted pro hac vice*
Mass. Bar No. 630584
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 742-9015
Email: rmg@goldstein-lawfirm.com


Josh Welch, OBA #17214
Joey Degiusti, OBA #33734
DEGIUSTI & WELCH PLLC
3721 N. Classen Blvd
Oklahoma City, OK 73118
Telephone: 405.778.3098
Email: josh@dwlegal.law
Email:  joey@dwlegal.law

Dated: July 30, 2024                    *Attorneys for Defendant*


### Certificate of Service

I, Robert M. Goldstein, hereby certify that on this date, July 30, 2024, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including but not limited to Assistant U.S. Attorneys Nicholas Coffey and Elizabeth Bagwell.


**/s/ Robert M. Goldstein**
Robert M. Goldstein