## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

_____ )
UNITED STATES OF AMERICA )
                    )     Case No. CR-24-146-R
v. )
                    )
MATTHEW ALAN STACY, )
                    )
        Defendant )
_____ )

## DEFENDANT'S MOTION TO STAY PENDING APPEAL

Now comes the Defendant, Matthew A. Stacy, by and through undersigned counsel, and hereby moves the Court for an order staying proceedings in this matter during the pendency of his appeal of this Court's denial of his motion to enjoin (Doc. 67). As grounds and reasons therefore, the central issue to be resolved by the Tenth Circuit is whether the Appropriations Act enjoins the government from expending funds in the prosecution of this matter. As such, absent a stay, should the Tenth Circuit side with Mr. Stacy, it will be impossible to remedy the violation of Mr. Stacy's rights that would occur between now and the rendering of that appellate decision. To avoid that unjust result, Mr. Stacy respectfully requests that this Honorable Court grant his requested stay. *See, e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal").

## I.    Procedural Background.

On April 2, 2024, an indictment issued charging Mr. Stacy with two counts: (1) conspiracy to manufacture, distribute, and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1); and (2) knowingly and intentionally renting, leasing, profiting from, and making available for use a premises for the purpose of unlawfully manufacturing, storing, and distributing marijuana, in violation of 21 U.S.C. § 856(a)(2).  On June 12, 2024, Mr. Stacy moved to enjoin prosecution of these charges based upon language included in every Appropriations Act dating back to December 2014 that prohibits the Department of Justice ("DOJ") from using funds made available by the Act to "prevent [states that had legalized medical marijuana] from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana."  Doc. 67 at 6 (quoting Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014)).  As set forth previously by the defense, "[e]very federal court to have decided the issue has held that this appropriations rider prohibits the DOJ from prosecuting defendants under the federal Controlled Substances Act for actions taken in compliance with state medical marijuana laws."  *Id.*

After briefing and argument, this Court "concluded that an evidentiary hearing was warranted" and held such hearing on January 28-29, 2025.  Doc. 212 at 1. Subsequently, the Court denied Mr. Stacy's motion, finding that he failed to demonstrate the requisite level of compliance with state law to be entitled to an injunction under the Appropriations Act.

On March 6, 2025, Mr. Stacy filed a notice of appeal of this Court's order denying his Motion to Enjoin Prosecution to the Tenth Circuit Court of Appeals.  Doc. 219.

## II.    Argument.

The defense respectfully submits that the interlocutory appeal mandates a stay of this proceeding.  First, the collateral order doctrine is one basis for the interlocutory appeal, which divests the court of further jurisdiction.  Second, as in the context of an interlocutory appeal of a denial of a motion to dismiss on double jeopardy grounds, the interruption of the trial proceedings is the central reason and justification for authorizing the interlocutory appeal in the first place.  And, third, the appeal concerns a permanent injunction, not a preliminary injunction.

It has long been "understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (referring to this principle as "axiomatic").[1]

"When [an] interlocutory appeal is from the denial of a motion to dismiss an indictment based on double jeopardy or from the denial of a motion for summary

---

[1] The district court maintains jurisdiction over certain limited matters "in aid of the appeal," including "issuing stays . . . pending the appeal."  *Stewart*, 915 F.2d at 575 n.3 (citation omitted).

judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial.  The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place. . . .  Therefore, in such cases the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial."  *Stewart*, 915 F.2d at 575-76.

Mr. Stacy's interlocutory appeal raises the very same issue: the "right not to have [to] defend the prosecution or action at trial."  *Id.*  The "central issue" in Mr. Stacy's appeal will be whether the government's expenditure of a single dollar more in pursuit of this prosecution violates the Appropriations Act.  As the Court has now concluded, "[w]hen Congress has enacted a legislative restriction like § 542 that expressly prohibits DOJ from spending funds on certain actions, federal criminal defendants may seek to enjoin the expenditure of those funds …."  Doc. 212 at 4-5 (quoting *McIntosh,* 833 F.3d at 1172-73).  Moreover, as this Court observed in denying the Motion, "Mr. Stacy contends that his conduct complied at all times with then applicable state medical marijuana law."  Doc. 212 at 2.  If the Tenth Circuit agrees, any action taken by the government to further its prosecution of Mr. Stacy would be unlawful.

To force Mr. Stacy to proceed towards trial while he litigates his appeal would be to risk rendering his appellate rights entirely illusory.  It would result in an unlawful expenditure of government resources that could not be retroactively remedied.  *See United States v. Bilodeau*, 24 F.4th 705, 712 (1st Cir. 2022) ("Absent an injunction, the

funds will be spent and cannot be unspent").  As in the double jeopardy context, the

"interruption of the trial proceedings is the central reason and justification for authorizing

such an interlocutory appeal in the first place."  *Stewart*, 915 F.2d at 576.

 In light of these considerations, a complete stay of these proceedings is necessary,

as the district court concluded in *United States v. Bilodeau*, No. 18-CR-63 (D. Me.).  *See*

*United States v. Bilodeau*, No. 18-CR-63 (D. Me.), Doc. 737 ("Proceedings are stayed

until the First Circuit issues its mandate in this matter or until further order of this

court.").  Similarly, in the cases giving rise to the *McIntosh* appeal, one district court

judge expressly granted a stay of proceedings "until a mandate [wa]s issued" by the

appeals court.  *United States v. Kynaston*, No. 12-CR-16 (E.D. Wash. Apr. 8, 2015), Doc.

657.  Moreover, a review of the other two district court dockets reflects that no

substantive action was taken in the prosecutions of the appealing defendants between the

filing of the interlocutory appeals and the Ninth Circuit's decision.  *See United States v.*

*McIntosh*, No. 14-CR-16 (N.D. Cal.), Docs. 116, 129, 135, 144, 149 (Orders adopting

stipulations to continue pre-trial hearing); *United States v. Lovan*, No. 13-CR-294 (E.D.

Cal.), Docs. 120, 131 (Orders adopting stipulations to vacate trial date and continue

hearings); Docs. 145, 147, 148, 151, 154, 155, 156 (Orders continuing status conferences

pending appeal).

 The position advanced by the government in the Joint Status Report (Doc. 229) is

incorrect.  First, the government fails to address the independent basis for the

interlocutory appeal here, namely the collateral order doctrine.  *See Bilodeau*, 24 F.4th at

712 (First Circuit noting it could "therefore safely treat the denial of their motion as

5

outside the ordinary rule, *United States v. McIntosh*, 833 F.3d 1163, 1172–73 (9th Cir.

2016), or as a collateral order, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546

(1949))")).  The Tenth Circuit has explicitly observed that the filing of a notice of appeal

under that doctrine divests the district court of jurisdiction.  *Stewart*, 915 F.2d at 575.

Second, this is not an appeal from a ruling on a request for ***preliminary*** injunction,

and the authority relied upon by the government from that context is therefore inapposite.

With respect to preliminary injunctions, the Tenth Circuit has held that an interlocutory

appeal "[o]rdinarily" does not divest the district court of jurisdiction.  *Free Speech v.*

*FEC*, 720 F.3d 788, 791 (10th Cir. 2013).  As the treatise heavily relied upon by the

Tenth Circuit in reaching that result observed, preliminary injunctions "are apt to present

an urgent need for action" and "ordinarily the scope of the appeal will be limited to

consideration of the preliminary injunction decision itself."  *Pueblo of Pojoaque v. State*,

233 F. Supp. 3d 1021, 1087-88 (D.N.M. 2017) (quoting 16 C. Wright, A. Miller, & E.

Cooper, *Federal Practice and Procedure* § 3921.2, at 58 (3d ed. 2012) ("Wright &

Miller")).  The treatise expressly distinguished permanent injunction orders, like that

requested here, as coming "'closer to final judgment appeals' which divest the district

court of jurisdiction over the matter."  *Id.* at 1088 (quoting Wright & Miller § 3921.2, at

58–59).

More fundamentally, none of the preliminary injunction cases relied upon by the

government involved an injunction prohibiting the very continuation of the litigation

itself.  *See Free Speech*, 720 F.3d at 791 (request "to enjoin the FEC from enforcing . . .

challenged regulations or policies"); *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S.

156, 156 (1906) (request "to restrain the further infringement . . . of letters patent");

*United States v. Lynd*, 301 F.2d 818, 823 (5th Cir. 1962) (injunction against

discriminatory voter registration practices); *United States v. Price*, 688 F.2d 204, 208 (3d

Cir. 1982) (requested injunction requiring "diagnostic study" of threat to public water

supply and provision of "an alternate water supply").[2]  In none of these cases can it be

said, as here (and in the Double Jeopardy and qualified immunity precedents), that "the

central issue in the appeal is the defendant's asserted right not to have to proceed" with

the litigation.  *Stewart*, 915 F.2d at 576.

The peripheral matters for which the district court's jurisdiction persists must, on

the face of the Tenth Circuit's *Stewart* opinion, be "unrelated to the disputed right not to

have [to] defend the prosecution."  Such matters may include "the propriety and amount

of attorney's fees," "correcting clerical mistakes in the record, [or] approving appeal

bonds."  *Id.* at 575 n.3 (citation omitted); *see also PacifiCorp v. Hurless*, No. 04-CV-131,

2005 WL 8155510, at *2 (D. Wyo. Jan. 4, 2005) ("Certification of an appeal, pursuant to

§ 1292(b)[] does not tread on the Defendants' claim of immunity and the associated right

not to go to trial"); *Browder v. City of Albuquerque*, No. 13-CV-0599, 2016 WL

4394487, at *3-4 (D.N.M. June 9, 2016) (opining that there were "several motions and

matters pending before th[e] Court, four of which the Court c[ould] decide without

affecting [appealing defendant's] rights," namely a motion to bifurcate that was already

fully briefed, a motion for fees and expenses, supplemental briefs from non-appealing

---

[2] The latter two cases were cited by the government in pre-filing communications regarding
this issue, but not ultimately in the Joint Status Report.

parties, and a motion to compel relating only to claims against non-appealing defendant);

*Miller v. Institute for Defense ~~Analysis~~Analyses*, No. 17-CV-02411, 2019 WL 2085358,

at \*2 (D. Colo. May 13, 2019) (finding jurisdiction to address emergency motion

regarding a "threat of new, public disclosures" because it was "collateral to the central

issue on appeal, *i.e.*, whether [plaintiff] was terminated due to his prior whistleblowing

activities").

By contrast, matters implicating the rights of the appealing defendant to be free

from further litigation must be stayed. *See Brown v. Montoya*, No. 10-CV-0081, 2011

WL 13189957, at \*2 (D.N.M. Mar. 2, 2011) (reflecting "complete stay of all discovery

until the immunity [appeal] is resolved" and finding no jurisdiction over motion to

reconsider immunity issue); *Browder*, 2016 WL 4394487, at \*4 ("defer[ring] ruling on all

*Daubert* motions" and precluding the parties from filing "any further motion, without

leave of the Court, until the Tenth Circuit has ruled"); *Riggins v. City of Louisville*, No.

06-CV-02261, 2008 WL 4293652, at \*2 (D. Colo. Sept. 16, 2008) (holding that

"interlocutory appeal divested th[e] Court of jurisdiction to rule on Defendants' Motion

for Protective Order" where "one of the documents at issue in the motion directly

concerned the issues on appeal since it was relied on by Plaintiff to defend the

Defendants' summary judgment motion that is pending on appeal").

Finally, "[e]ven when the district court retains jurisdiction to resolve issues not

involved in the appeal, the court has the authority to manage its docket by staying

proceedings . . . pending an interlocutory appeal." *Tudor v. Galindo*, No. 22-0480, 2025

WL 242944, at \*1 (W.D. Okla. Jan. 17, 2025) (citing cases). Accordingly, the Court

may, alternatively, bypass the jurisdictional issue and conclude that, for all of the reasons

set forth *supra*, "staying proceedings in this action pending the outcome of the appeal

would achieve the most orderly and expeditious disposition of this case." *Id.* at *2.

## III.    Conclusion.

Accordingly, for all of the foregoing reasons, Mr. Stacy respectfully requests that

this Court grant a stay of proceedings during the pendency of his Tenth Circuit appeal.


Respectfully Submitted,

**/s/ Robert M. Goldstein**
Robert M. Goldstein
*Admitted pro hac vice*
Mass. Bar No. 630584
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 742-9015
Email: rmg@goldstein-lawfirm.com


Josh Welch, OBA #17214
Joey Degiusti, OBA #33734
DEGIUSTI & WELCH PLLC
3721 N. Classen Blvd
Oklahoma City, OK 73118
Telephone: 405.778.3098
Email: josh@dwlegal.law
Email:  joey@dwlegal.law

Dated: March 21, 2025

***Attorneys for Defendant***

**<u>Certificate of Service</u>**

I, Robert M. Goldstein, hereby certify that on this date, March 21, 2025, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including but not limited to Assistant U.S. Attorneys Nicholas Coffey and Elizabeth Bagwell.

**<u>/s/ Robert M. Goldstein</u>**
Robert M. Goldstein