UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-24-146-R |
| | ) |
| MATTHEW ALAN STACY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is the Defendant Stacy's Motion to Stay Pending Appeal [Doc. No. 230]. Mr. Stacy requests that these proceedings be stayed during the pendency of his appeal of this Court's denial of his Motion to Enjoin Prosecution. The government responded in opposition [Doc. No. 230] and Mr. Stacy replied [Doc. No. 234]. The Court also held a telephonic status conference where the parties presented their positions regarding the stay [Doc. No. 238].[1]

"[T]he filing of a notice of appeal, whether from a true final judgment or from a decision within the collateral order exception, 'is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58

---

[1] Counsel for Defendant Chanh Phu was excused from attendance at the conference. [Doc. No. 237]. Counsel for Defendant Chong Phu indicated that he has no objection to continuing the trial date during the pendency of the appeal. The Court requests that the parties promptly file any motions seeking to continuance the pending deadlines.

1

(1982)). There are, however, "limitations on this transfer of jurisdiction." *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998). Thus, "no transfer occurs if the appeal is taken from a nonappealable order" and "when an appeal is taken from limited interlocutory rulings, as opposed to one that affects the litigation as a whole, the district court may proceed with the case." *Id.*

Mr. Stacy primarily contends his appeal falls into the collateral order exception to the final judgment rule and the proceedings against him must therefore be stayed until his appeal his resolved. The government argues that Mr. Stacy's appeal is more appropriately categorized as an appeal from an interlocutory order refusing a preliminary injunction in which the district court retains jurisdiction over the merits of the action. The finds that Mr. Stacy has the better argument.

The collateral order doctrine recognizes that "there is a small class of decisions 'which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546 (1949)). "To fall within this small class, a district court order must satisfy three requirements: it must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the case, and [3] be effectively unreviewable on appeal from a final judgment." *United States v. Tucker*, 745 F.3d 1054, 1063 (10th Cir. 2014) (internal quotation marks omitted). In the criminal context, the collateral order exception must be interpreted with "the utmost strictness." *Id.*

(internal quotation marks omitted). To successfully invoke the collateral order exception, a criminal defendant "must assert a right not to be tried, resting upon an explicit statutory or constitutional guarantee that trial will not occur." *Id.* (internal quotation marks and citations omitted).

Highly summarized, the issue in Mr. Stacy's appeal is whether a congressional appropriations rider prohibits the Department of Justice from spending funds on his prosecution because his conduct was in compliance with state law. This Court's order denying Mr. Stacy's Motion to Enjoin constituted the final rejection of this claim, resolved important issues regarding the applicability of the appropriations rider and Mr. Stacy's compliance with state law that are separate from the merits of the federal prosecution, and would be effectively unreviewable on appeal because "[a]bsent an injunction, the funds will be spent and cannot be unspent." *United States v. Bilodeau*, 24 F.4th 705, 712 (1st Cir. 2022). In an analogous case, the First Circuit concluded that it "could 'safely treat' a district court's denial of a Rohrabacher-Farr injunction 'as a collateral order.'" *United States v. Sirois*, 119 F.4th 143, 151 (1st Cir. 2024), cert. denied, No. 24-875, 2025 WL 951161 (U.S. Mar. 31, 2025). The Court sees no reasons to disagree with the First Circuit's conclusion.[2]

Regardless of how the Tenth Circuit ultimately resolves the jurisdictional issues, this Court retains "the authority to manage its docket by staying proceedings *sua sponte* pending an interlocutory appeal." *Tudor v. Galindo*, No. CIV-22-00480-JD, 2025 WL

---

[2] Although this Court certainly cannot determine the appellate jurisdiction of the Tenth Circuit, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

242944, at *1 (W.D. Okla. Jan. 17, 2025) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see also Tucker,* 745 F.3d at 1062 (noting that the district court had stayed further proceedings while criminal defendants pursued an interlocutory appeal). The issues involved in this appeal present the "unusual circumstance[]" of a criminal defendant seeking to enjoin the expenditure of funds pursuant to an appropriations act. *See United States v. McIntosh*, 833 F.3d 1163, 1172 (9th Cir. 2016). Given the issues raised by Mr. Stacy's appeal, a stay pending the resolution of the appeal would achieve a more orderly and efficient disposition of this case.

Accordingly, Mr. Stacy's Motion to Stay Pending Appeal [Doc. No. 230] is GRANTED. This action is stayed as to Mr. Stacy until a mandate is issued by the Tenth Circuit Court of Appeals. Further, the Court finds that the time from the filing of the appeal until the completion of the appeal process is excluded for purposes of speedy trial calculations pursuant to 18 U.S.C. §3161(h)(1)(C).

**IT IS SO ORDERED** this 11th day of April. 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE