# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-24-146-R |
| | ) | |
| MATTHEW ALAN STACY, | ) | |
| CHANH IU PHU, | ) | |
| CHONG IU PHU, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the United States' Motion in Limine Regarding Jury Nullification and to Preclude Defendants' Assertion of a State-Law or Mistake-of-Law Defense [Doc. No. 206]. Mr. Stacy responded in opposition [Doc. No. 211][1] and the matter is now at issue.[2]

Defendants stand charged by the grand jury in a multi-count Indictment with marijuana related offenses. The government seeks a pretrial ruling precluding Defendants, and specifically Mr. Stacy, from presenting evidence of their compliance with state medical marijuana laws. The government contends that Defendants' compliance with state law is irrelevant to the federal charges and, additionally, any relevance is substantially

---

[1] Defendants Chong Phu and Chanh Phu did not file a response.

[2] "A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quotation omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-00329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020).

outweighed by a danger of confusing the issues and misleading the jury. Mr. Stacy argues that, in light of a federal appropriations rider precluding the DOJ from using its funds to prosecute individuals for actions taken in compliance with state medical marijuana laws, his compliance with state law is not only relevant, but is the crucial fact separating innocent behavior from wrongful conduct.[3]

The Tenth Circuit considered a similar issue in *United States v. Lin*, No. 24-6130, 2025 WL 894934 (10th Cir. Mar. 24, 2025). The defendant in *Lin* faced federal drug charges based on his collection and distribution of marijuana throughout Oklahoma. *Id.* The district court granted the government's motion to exclude evidence regarding the defendant's purported compliance with state medical marijuana laws, and the defendant appealed. *Id.* The Tenth Circuit affirmed, explaining that "all the government had to prove in this case to establish sufficient mens rea was that [the defendant] knew the substance was marijuana; his subjective beliefs about its legality, however well-founded, are completely irrelevant." *Id.*

Although *Lin* is unpublished, the Court finds its holding persuasive. Federal law prohibits the manufacture, distribution, or possession of marijuana. *See* 21 U.S.C. § 841(a)(1). Contrary to Mr. Stacy's position, the appropriations rider does not alter the requirements for proving a violation of federal law or require proof that a defendant knowingly operated outside of state medical marijuana laws. *See United States v. Trevino,*

---

[3] In a prior motion, Mr. Stacy similarly argued that the Controlled Substances Act requires proof that the defendant knowingly and intentionally violated state laws governing medical marijuana. The Court rejected this argument and adopts that analysis here. *United States v. Phu*, No. CR-24-146-R, 2025 WL 646987, at *5-7 (W.D. Okla. Feb. 27, 2025).

7 F.4th 414, 427 (6ᵗʰ Cir. 2021) ("Thus, even if Section 538 validly denies funding for the prosecution of certain conduct, that conduct remains criminal nonetheless."); *United States v. McIntosh*, 833 F.3d 1163, 1179 n.5 (9ᵗʰ Cir. 2016) ("To be clear, § 542 does not provide immunity from prosecution for federal marijuana offenses."). As explained in *Lin*, 2025 WL 894934, at *2, Mr. Stacy's compliance with state law or his subjective belief about the legality of his conduct under state law is "completely irrelevant" to whether his conduct violated federal law. *See also United States v. Weng*, No. 24-6266, 2025 WL 2701931, at *5 (10ᵗʰ Cir. Sept. 23, 2025) ("In particular, Mr. Weng argues that the court erred by holding that evidence of state-law compliance is not relevant to the mens rea element of a federal drug conspiracy—a challenge we rejected in *Lin*."); *United States v. Haymon*, No. 20-4438, 2021 WL 4495813, at *2 (4ᵗʰ Cir. Oct. 1, 2021) (defendant's argument "that his possession of marijuana was lawful under California law, and therefore he lacked the specific intent to violate 21 U.S.C. § 841(a), is not a defense to a charge under the Controlled Substances Act."); *United States v. Morales*, 680 F. App'x 548, 551 (9ᵗʰ Cir. 2017) (evidence that marijuana is legal under state law "was not relevant to Morales's defense, as neither medical necessity nor mistake of law constitutes a defense to federal drug charges"). Moreover, to the extent compliance with state law has any marginal relevance, its probative value is substantially outweighed by the risk of confusing the issues and misleading the jury.

Accordingly, the government's motion is granted and Defendants are precluded from arguing or presenting evidence of compliance with state law as a general or affirmative defense, or from inviting jury nullification based on evidence of compliance

with state law.[4] The ruling is subject to modification or reconsideration, particularly if the government presents evidence during its case in chief of Defendants' noncompliance with state law.

    IT IS SO ORDERED this 3rd day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] Mr. Stacy indicates that the government's belief that he will improperly invite jury nullification is not warranted in this case.