**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-146-R** |
| | ) | |
| **MATTHEW ALAN STACY, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Defendant Stacy's Motion to Sever [Doc. No. 339] seeking to sever his trial from that of his co-defendant, Chanh Iu Phu ("Shawn Phu") pursuant to Fed. R. Crim P. 8(a) or, in the alternative, Fed R. Crim. P. 14. Defendant Shawn Phu filed a Motion for Joinder [Doc. No. 348] stating that he joins and adopts Mr. Stacy's arguments. The United States filed a Response [Doc. No. 344] stating that it has no objection to Mr. Stacy's request.

Mr. Stacy is charged in an Indictment with one count of conspiring with Chong Iu Phu ("Alex Phu") to manufacture, distribute, or possess with intent to distribute marijuana, and one count of maintaining a drug involved premises. Mr. Shawn Phu is charged in a separate count with conspiring with Alex Phu to manufacture, distribute, or possess with intent to distribute marijuana and one count of possession with intent to distribute marijuana. Mr. Alex Phu is also charged as a defendant but has entered a plea of guilty and waived his right to a trial. Mr. Stacy contends that the Indictment charges two separate conspiracies, one involving Mr. Stacy and one involving Mr. Shawn Phu, and fails to draw

any meaningful connection between the two. He therefore argues that joinder under Rule 8(b) is not appropriate, particularly now that Mr. Alex Phu has entered a plea of guilty.

Rule 8(b) provides that

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The Rule "encourage[s] joinder of defendants" and is construed "'to allow liberal joinder to enhance the efficiency of the judicial system.'" *United States v. Caldwell*, 560 F.3d 1202, 1212 (10th Cir. 2009) (quoting *United States v. Morales*, 108 F.3d 1213, 1219 (10th Cir.1997). The Tenth Circuit has stated that "'the test for a proper joinder is a common thread to each of the defendants,' which 'may be established by common evidence as to various counts.'" *Id.* (quoting *United States v. Rogers*, 921 F.2d 975, 984 (10th Cir.1990)._ (brackets omitted). Under this standard, joinder is permissible if the indictment alleges "an ongoing series of interconnected illegal transactions amounting to the operation of a criminal enterprise" even if "some defendants were not involved in each aspect of the overall enterprise." *United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989). However, "if joinder is permissible under Rule 8, the trial court may nevertheless grant severance under Fed.R.Crim.P. 14 if joinder would prejudice one of the parties." *United States v. Cardall*, 885 F.2d 656, 667 (10th Cir. 1989).

Generally, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537 (1993). But given that both Defendants request a severance and the United States has no objection, the Court

is not inclined to deny the request. The Court is satisfied that, in this case, the presumptive benefits to judicial economy and convenience from a joint trial should give way to Defendants' request, which the United States does not oppose.

Accordingly, Defendant Stacy's Motion to Sever [Doc. No. 339] is GRANTED. At this time, the separate trials for Mr. Stacy and Mr. Phu remain set on the November trial docket.

IT IS SO ORDERED this 29th day of September, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**